RU–ZHEN ZHENG, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 04–2789–ag.

United States Court of Appeals,
Second Circuit.

April 25, 2006.

Theodore N. Cox, New York, New York,
for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Pierre G. Armand, Neil M. Corwin, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Ru–Zhen Zheng petitions for review of the BIA order reversing an immigration judge's ("IJ") grant of asylum. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA issues an independent written decision, this Court reviews the decision of the BIA. *See, e.g., Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002) (per curiam). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The BIA reversed the IJ's decision that Zheng had testified credibly and established eligibility for asylum, determining instead that Zheng failed to sustain her burden of proving a well-founded fear of sterilization, because she did not present objective evidence regarding the application of population control policies to individuals who give birth to children while living outside of China. In coming to its determination that Zheng failed to meet her burden of proof, the BIA relied exclusively on the State Department's 1998 Asylum Profile for China.

This Court has warned that where a State Department report:

> suggests that, *in general,* an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence.

*Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). In this instance, the BIA failed to consider evidence and testimony presented by Zheng contradicting the State Department material, namely a transcript of a hearing of the International Operations and Human Rights Subcommittee of the House International Relations Committee on forced abortions and sterilization in China, and a Fourth Circuit case, *Yong Hao Chen v. INS,* 195 F.3d 198 (4th Cir.1999). While we generally presume that the agency has taken into account all evidence before it, and do not require it to expressly address each individual piece of evidence, the agency is required to take into account significant factual allegations offered by the petitioner. *See Xiao Ji*

*Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–60 n. 13 (2d Cir.2006).

In vacating the IJ's determination that Zheng testified credibly and presented sufficient evidence to establish her eligibility for asylum, the BIA should have should have explicitly considered Zheng's countervailing evidence, *i.e.* her testimony and her submitted documentary evidence. *See id.* The absence of this analysis frustrates this Court's ability to conduct judicial review. *See Ivanishvili v. Dep't of Justice,* 433 F.3d 332, 341–42 (2d Cir.2006). Because the BIA's determination rested entirely on its review of the Profile, there are no other, error-free bases for the BIA's determination. Remand is necessary because it cannot be "confidently predict[ed]" that the BIA would have reached the same conclusion absent the erroneous base. *Id.* at 162.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal or deportation in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).